# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2115 | **DATE** | 11/13/2000 |
| **CASE TITLE** | United States of America, ex rel. Ralph Pruitt v. Thomas F. Page | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing is set for November 30, 2000 at 9:30 A.M.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's amended habeas petition [28] is denied. This case is set for status on November 30, 2000 at 9:30 a.m. to discuss further proceedings related to petitioner's *Batson* claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 1 4 2000 | |
| ✓ | Notified counsel by telephone. | date docketed | 36 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | |
| RJ | courtroom deputy's initials | 00 NOV 14 AM 8:26 | NOV 1 4 2000 date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. RALPH PRUITT, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 97 C 2115 |
| THOMAS F. PAGE | ) ) ) | Judge Joan B. Gottschall |
| Defendant. | ) | |

DOCKETED
NOV 1 4 2000

## MEMORANDUM OPINION AND ORDER

Petitioner Ralph Pruitt filed a petition for writ of habeas corpus under 28 U.S.C. §2254 challenging his conviction for aggravated criminal sexual assault and attempted armed robbery. Due to prior felony convictions, Pruitt was sentenced to natural life in prison as a habitual offender. On August 20, 1999, this court ruled on Pruitt's original habeas petition. *United States ex rel. Ralph Pruitt v. Page*, No. 97 C 2115, 1999 WL 652035 (N.D. Ill. Aug. 20, 1999). Pruitt had raised several claims, including violations of his right to a speedy trial and a *Batson* claim for gender discrimination in jury selection. The court denied all of the claims except the *Batson* claim, on which it ordered an evidentiary hearing. *Id.* at *8-9. Before a hearing could be held, Pruitt moved for reconsideration of the court's finding of procedural default on his speedy trial claim. The motion was granted, and Pruitt filed an amended habeas petition focusing on his claim that his federal constitutional right to a speedy trial was violated when he was held for 176 days before trial began. For the reasons discussed below, Pruitt's amended petition is denied.

## Analysis

This court's habeas review of a state court conviction "is limited to questions of federal unconstitutional custody." *Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990). *See* 28 U.S.C. § 2254(a). Before this court may review a habeas petition, the petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). The petitioner must present his federal constitutional claims to the state courts in order to give the state courts the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

In its August 20, 1999 opinion, this court ruled that Pruitt had procedurally defaulted on his speedy trial claim for failure to present it to the Illinois state courts. 1999 WL 652035 at *3. Pruitt challenges this ruling based on the last sentence of his four-page speedy trial argument in his direct appeal brief:

> The trial court's behavior in continually indicating that Mr. Pruitt's demand would be entered and his rights preserved, while noting the continuances as 'by agreement' denied Mr. Pruitt his rights to due process under [the] Fifth and the Fourteenth Amendments and to a speedy trial under the Sixth and Fourteenth Amendments.

(Exh. B at 27)

To fairly present a constitutional claim, Pruitt's argument in state court must have:

1) relied on pertinent federal cases employing constitutional analysis;

2) relied on state cases applying constitutional analysis to a similar factual situation;

3) asserted the claim in terms so particular as to call to mind a specific constitutional right; or

4) alleged a pattern of facts that is well within the mainstream of constitutional litigation.

2

*Verdin v. O'Leary*, 972 F.2d 1467, 1473-74 (7th Cir. 1992). The presence of any one factor, particularly the first or second, does not necessarily mean that the issue was fairly presented to the state courts. The court "must consider the specific facts of each case." *Id.* at 1474.

Despite his direct appeal's passing reference to the Sixth Amendment, the court concludes that Pruitt did not fairly present the federal constitutional aspect of his speedy trial claim to the Illinois Appellate Court; rather, it was presented as a state law claim. Illinois has a Speedy Trial Act, giving the state 120 days to bring the accused to trial. 725 ILCS 5/103-5. On direct appeal, Pruitt argued that his state right to a speedy trial was violated. He relied on Illinois state cases interpreting application of the Illinois state speedy trial provision. No federal cases were cited, nor did any of the state cases relied upon employ a federal constitutional analysis. While he referred to the Sixth Amendment, that is not sufficient given that the substance of his argument framed the issue solely as a matter of state law. While the pattern of facts alleged on direct appeal is within the mainstream of constitutional litigation, the same facts are equally supportive of the state law aspect of the claim. Nothing in Pruitt's brief – apart from the passing reference to the Sixth Amendment in the last sentence of his four-page argument – alerted the appellate court to apply a federal analysis to the claim.

Pruitt's first substantive reference to the federal constitutional aspect of his speedy trial claim came in his brief for leave to appeal to the Illinois Supreme Court, where he cited *Klopfer v. North Carolina*, 386 U.S. 213 (1967). (Exh. E at 12) Raising an issue for the first time in a petition for discretionary review will not preserve that issue for consideration. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Green v. Peters*, 36 F.3d 602, 606 n.8 (7th Cir. 1994). The

court finds that Pruitt has procedurally defaulted on his federal constitutional speedy trial claim by failing to present it on direct appeal before the state courts.

Pruitt could avoid this procedural bar if he can demonstrate cause for his failure to raise the claim on direct appeal and prejudice resulting from that failure. *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Alternatively, the bar can be lifted if failing to hear the claim would give rise to a fundamental miscarriage of justice. *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). This occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). This standard would require Pruitt to show that "it is more likely than not that no reasonable juror would have convicted him." *Id.* Pruitt did not allege cause for failing to present his speedy trial claim as a federal constitutional claim, and there is no potential miscarriage of justice because the speed with which Pruitt was brought to trial has no bearing on his guilt or innocence.

In any event, even if Pruitt had not procedurally defaulted his speedy trial claim, the court must still deny his petition. The Supreme Court laid down the guidelines for evaluating a speedy trial claim in *Barker v. Wingo*, 407 U.S. 514 (1972). The court will examine: the length of the delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant. *Id.* at 530. Before the court will engage in the factor-by-factor analysis, however, Pruitt must meet a threshold requirement: "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* While "the length of the delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case" in that "the delay that can be tolerated for an ordinary

4

street crime is considerably less than for a serious, complex conspiracy charge," *id.* at 530-31, Supreme Court and Seventh Circuit case law suggests that a six-month delay does not rise to the level of presumptive prejudice under these circumstances.

In *Hogan v. McBride*, 74 F.3d 144 (7th Cir. 1996), the Seventh Circuit addressed the speedy trial claim of a habeas petitioner who had been convicted of armed robbery, criminal confinement, and possession of an unlicensed handgun – hardly the complex conspiracy alluded to by the *Barker* Court. Nevertheless, the Seventh Circuit held that "[t]he delay between charge and trial, approximately eight months, is not presumptively prejudicial." *Id.* at 145. More broadly, the Supreme Court has observed that "the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States,* 505 U.S. 647, 652 n.1 (1992); *see also United States v. Ashford*, 924 F.2d 1416, 1421 (7th Cir. 1991) (finding eighteen-month delay to be presumptively prejudicial and explaining that "[w]e have in the past held that delays of *as little as twelve months* are presumptively prejudicial") (emphasis added)). In light of this case law, the court cannot find that a delay of 176 days was presumptively prejudicial. In all likelihood, the amount of time properly chargeable to the prosecution is significantly less than 176 days, as much of the delay stemmed from requests for more time by Pruitt's court-appointed attorneys. Accordingly, even if the speedy trial claim was not procedurally defaulted, it would fail.

## Conclusion

For the foregoing reasons, Pruitt's amended petition for a writ of habeas corpus is denied. This case is set for status on November 30, 2000 at 9:30 a.m. to discuss further proceedings related to petitioner's *Batson* claim.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

Dated: November 13, 2000